Good morning, Your Honors. May it please the Court, I'm James Laughlin, and I'm here to represent the appellant, Brian Bobinski, with the Court's permission. I'd like to reserve two minutes of my time for rebuttal. A petition has been filed in the Los Angeles Superior Court alleging that Mr. Bobinski is subject to civil commitment as a sexually violent predator, or SVP. He's filed a federal habeas petition alleging that the state's use of his 1987 conviction to qualify him as an SVP violates his federal due process rights to enforce his plea agreement in that case and to invoke California's judicial collateral estoppel doctrine. The issue before the Court is whether, under these circumstances, Mr. Bobinski is entitled to federal habeas relief despite the Younger Abstention Doctrine, which generally precludes federal courts from interfering in ongoing state court proceedings. Can you tell us something about the status of this case, why it's taken so long to get a state hearing? Has there been a state hearing yet? No. Has Edgar Klein been in detention all this time? He has. With regard to this civil commitment proceeding? Not all the time. There have been other cases which have taken him out of custody to be in custody on other cases at certain points during that period, both at the time of the filing petition and now. He is in Covalinka State Hospital under this petition. But your claim of as to why Younger should not apply has nothing to do with all this delay, even though one would think. No. We're not making a speedy trial claim. It's not a speedy trial claim. It's a question of the fact that Younger doesn't apply when the state proceedings are inadequate, and if they take forever, they can be inadequate. So the question is, why are they taking forever? I gather it must be for some reason having to do with your client, and that's why you're not making the claim. He is not making that claim. He never made a claim that he wants his trial immediately. In fact, his claim has always been the opposite. I don't think I should have to go to trial on this conviction for the reason. So he's not claiming that the state procedure is inadequate because it takes forever? No. Okay. So where are we? Right now, there's a status conference in that case scheduled for April 15th, where No, no. I mean, where are we in this appeal? Oh. If your client is saying, I make no part of my claim for habeas relief has anything to do with the delay in bringing the civil proceedings to a conclusion. Well, we have the issues that I actually put in the briefs, which is his constitutional right to enforce his plea agreement and to invoke California's collateral estoppel doctrine to preclude the State from using the 1987 conviction as a predicate offense to find him as an SVP. Well, that does sound like classic. I mean, you take all the time to lay out it, so it sounds like classic Younger. As I said to members, I recognize I have a tough row to hoe here. There is no recognized Younger abstention doctrine, no recognized exception to the Younger abstention doctrine that Mr. Babinski falls into. This court can recognize new exceptions where appropriate. And I think given this unusual case, this is where it should do so. I think this is most closely analogous to a double jeopardy case where the court has recognized that federal intervention pretrial is necessary to fully vindicate that right because part of the right is not having to go through the second trial. The two merits claims, if I can call them that, that you're pointing to, tomorrow the state court could rule on in your favor. I don't think that's going to happen because he has fully exhausted his claims. He's presented these claims all the way up to the California Supreme Court, so there's no indication that he would get any play on these claims until after the whole proceeding is over. So I don't think there's much of a change. I mean, at the end of the proceeding, could not the, this is Superior Court? Yes. Los Angeles County? Yes. Couldn't the Superior Court judge conclude, by golly, Babinski is right? It could, but the problem is that the court has had the opportunity to stop it before the trial and it has not done so. And much like a double jeopardy case, to fully vindicate the rights that Mr. Babinski has asserted in this petition requires pretrial intervention because the harm is going through the trial itself, much like the harm with somebody with a double jeopardy claim. Why is that? I'm not seeing that. The harm is getting committed on this charge that he says he shouldn't be committed on. Well, of course, that is the ultimate harm. But just like the potential of somebody with a double jeopardy claim getting committed and sent to prison on, at a second jeopardy bar trial, the ultimate harm is getting sent to prison. But the secondary harm and a valid harm and the harm that justifies early Federal intervention is the harm that comes with having to defend himself against these  In this case, there is a way that directly conflicts with a finality that was brought about by his plea agreement and the sentencing proceedings in the prior 1987 case. Well, the plea agreement didn't absolve him of having to go through a proceeding. If you credit your view of the plea agreement, it basically said that it gave some substantive limitation to that conviction, but it didn't tell you anything about whether you're going to have to bring that up in a later proceeding to prove it up. No. And the allegation isn't that just the mere fact of the conviction can never be used against him later on. The specific nature of the agreement was such that it required an agreement by the State and a finding by the Court that the conduct did not involve substantial sexual conduct. And the problem is that under the version of the SVP Act that he's been charged under, in order for this conviction to count, it has to involve substantial sexual conduct. So basically the ---- So he should win in State court, but that doesn't ---- I don't see why it's analogous to a barrier to having to litigate the issue as opposed to I ought to win. Well, as I said, and I apologize if I'm repeating myself, because I recognize I don't ---- I guess what I'm asking is what about this plea agreement is so special that it goes not only to the substance of the character of the crime, but to negate his ---- to preclude the State from litigating the nature of that crime? I don't think that this plea agreement is anything special. In fact, I think that it's a very standard agreement, and I think that agreements of this type are meant to bring finality to a criminal conviction. And here, part of that finality was the State conceding and the Court finding that the conduct at question underlying that conviction did not involve substantial sexual conduct. Ten years later, the State wants to bring Mr. Babinski into a new proceeding and says, you know, we may have agreed to that before, but now we're switching gears and saying this did involve substantial sexual conduct. And that's what ---- maybe that's what makes this agreement special. But it's a specific factual concession that was a necessary part of the agreement and the subsequent plea that Mr. Babinski should be able to enforce. Okay. Thank you. We've got some time for rebuttal if necessary. Thank you. Mr. Glassman? Good morning. Thank you, Judge Hawkins. First of all, what is not alleged here, as has become clear, is that delay in this case is somehow a reason to invoke the principles of Younger. As the Petitioner has conceded directly before the Court, he's not alleging delay. The reason that this case has been pending for a substantial period of time has nothing to do with his claim. And in response to your question, Judge Berzon, the reason for the delay in this case is because there was a new criminal charge against this Petitioner for unrelated criminal conduct in another county. And so not only is he not claiming delay, but it would be quite ironic if he were to to a criminal charge. And I will tell you, because you asked and because I was curious, my understanding is that that case was ultimately not pursued, has been dismissed, and he will stand trial for the SVP proceeding. It is very disturbing that this person has been detained on civil commitment charges for at least a substantial part of that 10 years, as I understand it. Well, but not, Your Honor, respectfully. It's first of all, it's only disturbing if he, through his counsel, asserts that it's disturbing. I understand that. And that's why we asked the question. And furthermore, I would point out that even if one were troubled in a hypothetical case about the delay involved, there are precise requirements to invoke this rule that would otherwise have a Federal court intervening in an unresolved matter in a State court. He's walked away from it, so it's not happening. Well, and so I, without belaboring it, I would submit that essentially the case has been conceded. If one even looks at the reply brief, there is a concession that there is not a double jeopardy claim here, which is one potential basis to invoke the rule. And alternatively, well, to make a long story short, there is simply no claim here with the sort of extraordinary bad faith governmental conduct that would remotely justify this Court intervening at this point to decide the case. There is a claim. I mean, there's a claim that there's something in the worst form, kind of a bait-and-switch. You get lured into a plea agreement in 1987 at a time when the SVP procedure wasn't there, so I'm not sending anybody in 1987 what they were doing. But the terms of that do appear, on the face of it at least, inconsistent with the use being made of the conviction by the State in its SVP complaint. Your Honor, if he has a claim in that regard, he has a forum for that claim in the State courts. And as we have indicated, the State law, and this ultimately is an interpretation of State law that State courts, of course, should make. The State courts will resolve that. And to say that in a proceeding that has yet to be conducted where he can litigate that claim and he can appeal a determination if he loses, and that's apparently a foregone conclusion, but it is not, in fact, true, that, you know, perhaps he will prevail on that claim. And if he loses he represents essentially that he's already lost. I'm sorry? He represents essentially that he's already lost, at least at the trial level. He – that's correct. And he has lost in terms of the motions that he has made to this point, but the point is he will be – I suppose he could bring a written mandate in State court, which he hasn't – I gather hasn't done. Not only that, but he can litigate the claim or attempt to litigate the claim in the superior court when the matter is heard, and then he can appeal the determination that is made in the State court. So – I thought he said he has litigated it in the superior court and preached for our proceedings and lost. And my point is that the case isn't over yet. So he has – I understand that, but he's in detention for something that he claims shouldn't even be being considered, but there is at least a route to that, which would be to – because California has this writ practice, he could attempt to get it right. Not only is there an avenue to pursue that, Your Honor, but the other point is that the interpretation that he relies upon to allege this violation that he claims is his interpretation of State law. We don't share it. To this point, the State courts haven't adopted it. And so for this court to say, as a matter of Federal constitutional law, to intervene in this case, there has been such an extraordinary violation in his case, that's just simply not borne out by the circumstances here. I submit it's no different than if someone in a local court here in Pasadena loses a pretrial suppression motion, and then they come to this court prior to their trial and ask this court to bar the trial. So it will be up to the State courts to resolve this claim, and if ultimately he is correct legally, I imagine we'll be back to see this court someday.  Thank you, Your Honor. Thank you. Any rebuttal? Just one thing. I wanted to direct a comment to something that Judge Berzon said. Mr. Babinski did make this raise this issue at a pretrial motion, and then he did file a pro se petition in the State court of appeal, which was somehow denied. He then filed a pro se petition in the California Supreme Court, which was denied. And both of those are pretty much the same thing as the Federal petition that we filed. Other than that, I have nothing further. Thank you. Thank you both for coming in today. The case to start will be submitted for decision.
judges: Hawkins, Berzon, Clifton